[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12952

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTWAN HARDY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:23-cr-00043-RAH-JTA-1

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Antwan Hardy appeals his sentence of 138 months of imprisonment for possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), and possession with intent to distribute 500 grams or more of a mixture and substance containing cocaine, in violation of § 841(a)(1). He argues that the district court imposed a substantively unreasonable sentence because it did not properly consider the relevant 18 U.S.C. § 3553(a) factors and failed to account for the Sentencing Guidelines' disparity in crack cocaine versus powder cocaine.

**I**

We consider the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *See United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022). In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will "affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *Id.* at 1355. "[T]he appellant bears the burden of showing that the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A district court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes listed in § 3553(a)(2). When fashioning a reasonable sentence, a district court must consider the factors set forth in § 3553(a), which include, the "nature and circumstances of the offense and the history and characteristics of the defendant." *United States v. Irey*, 612 F.3d 1160, 1198 (11th Cir. 2010) (en banc). A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1189 (quotation marks omitted).

An indicator of a reasonable sentence is one that is well below the statutory maximum for the crime. *See United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014). Indeed, a district court has wide discretion to decide whether the § 3553(a) factors justify a variance and, if so, the degree of the variance. *See Irey*, 612 F.3d at 1196. Although appellate courts may presume that a sentence within the guideline range is reasonable, a sentencing court must still properly analyze the § 3553(a) factors and set forth enough to demonstrate that it has considered the parties' arguments and has a reasoned basis for exercising its decision-making authority. *See Rita v. United States*, 551 U.S. 338, 347–50, 356–57 (2007).

A district court must consider all relevant § 3553(a) factors, and "the weight given to each factor is committed to [its] sound

discretion." The court may therefore attach great weight to one factor over the others. *See Butler*, 39 F.4th at 1355. Additionally, the court's "failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence." *Id.* at 1356 (alterations adopted).

## II

Mr. Hardy primarily argues that the district court abused its discretion in disregarding the crack-versus-powder cocaine disparity in calculating his base offense level under the Sentencing Guidelines. He was held accountable for 433 grams of crack cocaine and 128.7 grams of powder cocaine, among other drugs. As such and pursuant to U.S.S.G. § 2D1.1(c)(5), his calculated base offense level was 30, which was later reduced to 27 after he was credited for acceptance of responsibility. He argues, however, that had the district court eliminated the crack-versus-powder disparity and treated the offense as involving a combined total of 561 grams of powder cocaine, his base offense level would have been reduced to 24 under U.S.S.G. §2D1.1(c)(8), putting his sentence closer to the mandatory minimum of 120 months rather than 138 months.

After considering the history of the crack cocaine and powder cocaine disparity and the Sentencing Guidelines, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (citation omitted).

Thus, "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Spears v. United States*, 555 U.S. 261, 265–66 (2009). "*Kimbrough* empowered the district courts with this discretion," but "it did not command them to exercise it." *Dell v. United States*, 710 F.3d 1267, 1279 (11th Cir. 2013).

So, while the district court could have eliminated the crack-versus-powder disparity in calculating the base offense level or considering a downward variance, it was not required to do so. *See id.* And though Mr. Hardy argues that this was a relevant factor due significant weight that was disregarded by the district court, the record reflects that the district court did in fact consider the matter, but found that the need for a downward variance was outweighed by the significance of the crime, the particular need to protect the public and promote respect for the law, and Mr. Hardy's involvement in the instant offense shortly after his release from prison on a 20-year manslaughter sentence.

We also disagree with Mr. Hardy's remaining arguments that the district court's consideration of the § 3553(a) factors involved an abuse of discretion. The guideline range was 78 to 90 months to run concurrently for each of Counts 1, 2, 3, and 5, and to be followed by a mandatory minimum of 60 months to run consecutively for Count 4. The government requested 157 months of imprisonment, and the district court—after considering the relevant § 3553(a) factors—found that a total sentence of 138 months

of imprisonment was sufficient but not greater than necessary to comply with the purposes of the statute.

Mr. Hardy asserts that the district court should have considered the temporal remoteness between the current conviction and his previous criminal history more than twenty years prior. But the district court emphasized that Mr. Hardy got involved in the instant conduct (which involved multiple firearms and a significant quantity of drugs) within two years after being released from a 20-year sentence for manslaughter. *See Butler*, 39 F.4th at 1355 (stating that "the weight given to each factor is committed to the sound discretion of the court"). Indeed, while the district court did not believe that a variance was appropriate, it stated that it had considered "the crack disparity and the overall totality of the circumstances" in sentencing Mr. Hardy to what it believed was "an appropriate sentence on the bottom end of the guidelines." D.E. 92 at 8.

### III

The district court's within-guideline, 138-month sentence of imprisonment was not an abuse of discretion. The district court properly considered and weighed the § 3553(a) factors, and the resulting sentence is "in the ballpark of permissible outcomes." *Butler*, 39 F.4th at 1355.

**AFFIRMED.**